Doc. No. 7 (Redacted)

John Doe

█████████

Pro Per

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, | Case No.: 3:06 CV 00599 H AJB |
| Plaintiff, | MOTION TO SEAL PARTIAL RECORD |
| vs. | |
| LAW OFFICES OF WINN AND SIMS, A PROFESSIONAL CORPORATION; BRIAN N. WINN; RALPH L. SIMS; DOES 1 through 25, DOES I-V, inclusive, | |
| Defendants. | |

PLEASE TAKE NOTICE, PLAINTIFF, JOHN DOE, hereby files his motion to seal a portion of the record containing private information.

## INTRODUCTION

Plaintiff's specially appears before this court since the case has resolved and seeks only to seal a portion of the record. Specifically, Plaintiff's former counsel[1] filed a complaint on March 16, 2006, Document 1. Unknown to Plaintiff at the time and recently discovered Document 1 contains financial account information pages (23, 26, 29, 39) and financial record (page 37) and should be sealed since Federal Rule of Civil Procedure Rule § 5.2 (a)(4) precludes an account number being a public record and a financial

---

[1] Counsel filed a motion to withdraw, Document 5, however prior to the Court ruling on the motion, the case was settled and subsequently dismissed.

MOTION TO SEAL PARTIAL RECORD - 1

record should have not been filed since such is confidential under the Right to Financial Privacy Act of 1978, 12 U.S.C. 3401(2). Since neither are exempt under § 5.2(d), Plaintiff respectfully request this honorable Court seal Document 1.

## I. THE PARTIAL RECORD SHOULD BE SEALED SINCE PRIVATE INFORMATION IS PRESENT IN THE RECORD

Privacy rights, along with trade secrets and other limited types of rights, have long been held to warrant sealing of records. *See, e.g., Nixon v. Warner Communications, Inc.*, 435 U.S. at 598; *Brown & Williamson Tobacco Corp. v. F.T.C.* (6th Cir. 1983) 710 F.2d 1165, 117 cert. denied, 465 U.S. 1100 (1984).

Federal Rule of Civil Procedure Rule § 5.2 states in pertinent part,

(a) Redacted Filings. Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:
(1) the last four digits of the social-security number and taxpayer-identification number;
(2) the year of the individual's birth;
(3) the minor's initials; and
(4) <u>the last four digits of the financial-account number.</u> (Emphasis added)

Rule 5.2(e) provides, inter alia, that "[f]or good cause, the court may by order in a case...require redaction" of documents filed with the court. Fed. R. Civ. P. 5.2(d) and (e).

As here, Document 1, pages 23, 26, 29, 39 has the account number with a "05" at the beginning likely to represent the year the law firm opened a collection case.

Likewise, Document 1, page 37 is a financial record (credit application) which is presumptively confidential. The Right to Financial Privacy Act of 1978, 12 U.S.C. 3401(2), states a " "financial record" means an original of, a copy of, or information known to have been derived from, any record held by a financial institution pertaining to a customer's relationship with the financial institution.." Although the account number

and other identifying information is redacted, the fact remains the application itself is still a financial record.

Additionally, Document 1, page 37 shows multiple variables an identity thief or other person with devious intentions could use to collect small pieces of information from multiple sources to open a credit line or bank account, including:

- credit limit,
- marital status,
- the type of credit card issued,
- if the card was a joint account,
- APR,
- city,
- zip code,
- length of time using address, and
- state of driver license (bottom)

Since it appears redaction post scanning into PACER is impossible, Plaintiff requests this court seal Document 1.

## CONCLUSION

Identity theft and the continued harvesting of public information to achieve devious plans continue to increase evermore with easy access to court records through the internet. The continued opportunity to access confidential account information only allows for potential harm to Plaintiff. It is for the above reasons this motion should be granted since the record sought to be sealed is within the scope of an expectation of privacy covered by statute and is the for the purpose of protecting a privacy interest. As such Plaintiff requests this motion is granted and Document 1 is sealed.

Dated:     December 31, 2012                    Respectfully submitted,

                                                _____
                                                John Doe
                                                Plaintiff

## Case No. 3:06 CV 00599 H AJB
## PROOF OF SERVICE BY MAIL

I the undersigned declares as follows: I am in the County of San Diego, State of CALIFORNIA where this mailing will occur; I am over the age of eighteen (18) years; my business address is

I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service, and the fact that the correspondence will be deposited with the United States Postal Service that same day in the ordinary course of business.

On December 31, 2012, I served the foregoing **MOTION TO SEAL PARTIAL RECORD** on the interested parties in this action by placing the correspondence in a sealed envelope on this date in the County of San Diego, and placing it for deposit with the United States Postal Service. This sealed envelope with postage fully prepaid was then placed for collection and mailing on this date following ordinary business practices addressed as follows:

Clerk of the Court
U.S. District Court
333 West Broadway, Suite 420
San Diego, CA 92101

Law Office of Winn & Sims
Brian Winn
Ralph Sims
110 E. Wilshire Ave., Suite 212
Fullerton, CA 92832

I certify and declare under penalty of perjury under the laws of the United States of America and State of Calfornia that the foregoing is true and correct.

Executed December 31, 2012, at Coronado, California.

