06-cv-00599-H-AJB

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| DARREN D. CHAKER, | Case No.: 06-cv-00599-H-AJB |
|---|---|
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO SEAL** |
| v. | |
| LAW OFFICES OF WINN AND SIMS, a Professional Corporation; BRIAN N. WINN; RALPH L. SIMS; and DOES 1 through 25, inclusive, | [Doc. No. 11.] |
| Defendants. | |

On June 8, 2021, the Court directed the Clerk to file under seal Plaintiff Darren D. Chaker's ("Plaintiff") ex parte motion to seal. (Doc. No. 9.) For the following reasons, the Court grants in part and denies in part Plaintiff's motion to seal.

**Background**

Plaintiff filed this putative class action over fifteen years ago on March 17, 2006. (Doc. No. 1.) Plaintiff alleged that Defendants Law Offices of Winn and Sims, Brian N. Winn, and Ralph L. Sims ("Defendants") engaged in wrongful conduct while attempting to collect a debt owed by Plaintiff. (Id. ¶¶ 12-18.) The record contains no indication that Plaintiff served Defendants in this action. On May 25, 2006, Plaintiff voluntarily dismissed his claims without prejudice, terminating the case. (Doc. No. 6.) Now, with the instant motion, Plaintiff asks the Court to either seal the entire case or, in the alternative, redact his personal information from the record. (Doc. No. 11.)

**Discussion**

**I.     Legal Standards**

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). In accordance with this right, courts apply "strong presumption" in favor of public access to judicial records to promote public confidence and accountability. Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096 (9th Cir. 2016). To seal a judicial record, a movant must present "compelling reasons" that outweigh the public's interest in access to the record. Oliner v. Kontrabecki, 745 F.3d 1024, 1025-26 (9th Cir. 2014). In addition, "[a]ny order sealing documents should be 'narrowly tailored'" to serve those compelling reasons. Ervine v. Warden, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016) (citing Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 513 (1984)); see also Perez-Guerrero v. U.S. Atty. Gen., 717 F.3d 1224, 1235 (11th Cir. 2013) ("[T]he decision to seal the entire record of the case . . . must be 'necessitated by a compelling governmental interest [ ] and [be] narrowly tailored to that interest.'" (second and third brackets in original) (citation omitted)).

In "special circumstances" the Ninth Circuit allows parties to proceed anonymously when "necessary" to avoid "harassment, injury, ridicule or personal embarrassment." Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067-68 (9th Cir. 2000) (omission

in original) (citation omitted). The party's "need for anonymity" must outweigh the "prejudice to the opposing party and the public's interest in knowing the party's identity." Id. at 1068. District courts "determine the need for anonymity by evaluating the following factors: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." Id. (internal citations omitted).

**II.   Analysis**

Plaintiff's motion asks the Court to seal the entire case or, in the alternative, redact all his personal information from the record. (Doc. No. 11 at 19.) Plaintiff bases his motion on the fact that he is a member of California's Safe at Home Confidential Address Program because he received threats over the phone and the Internet. (Doc. No. 11 at 6-8, 19.) The program is designed to protect certain protected persons by providing them with a substitute mailing address. Cal. Gov't Code §§ 6205-11. Program members can then use the substitute address for personal use to keep their actual address confidential and out of the public record. Id.

Accordingly, the Court grants Plaintiff's motion insofar as it seeks to remove Plaintiff's address from the record. See Del Nero v. NCO Financial Sys's, Inc., No. 2:06-CV-04823-JDW, 2021 WL 2375892, at *2-3 (E.D. Pa. June 10, 2021) (permitting redaction of Plaintiff's address because of membership in confidential address program). But Plaintiff's motion fails to present sufficient reasons to seal any other information in the record, including vague references to cities that Plaintiff may or may not still reside in, considering that this case is over fifteen years old. California's Safe at Home *Confidential Address* Program does not protect all information related to Plaintiff from the public eye; it protects Plaintiff's address. See Cal. Gov't Code §§ 6205-11. Thus, sealing the entire record would be overbroad and undermine the "strong presumption" favoring the public's interest in this case, a class action against a debt collection service. See Ctr. for Auto Safety, 809 F.3d at 1096; Oliner, 745 F.3d at 1025-26. For similar reasons, redacting all of Plaintiff's personal information from the record is not warranted. See Does I thru XXIII,

3

06-cv-00599-H-AJB

214 F.3d at 1068.  As a result, the Court grants in part and denies in part Plaintiff's motion. See Del Nero, 2021 WL 2375892, at *2-3 (declining to seal entire case or redact all Plaintiff's personal information from the record solely based on his membership in the Safe at Home Program).

## Conclusion

For the foregoing reasons, the Court grants in part and denies in part Plaintiff's motion to seal.  The Court orders the Clerk to replace Plaintiff's address on the docket with his Safe at Home address: P.O. Box 1679, Sacramento, CA 95812.  Additionally, the Court directs the Clerk to file under seal Document Numbers 5, 6, and 7, the only filings in this case containing Plaintiff's address.  The Court then directs the Clerk to replace Document Numbers 5, 6, and 7 with redacted versions of those documents attached to this Order.  This Order is without prejudice to the Court modifying it at a later time.

**IT IS SO ORDERED.**

DATED: June 21, 2021

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT