# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,[1]<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>LAW OFFICES OF WINN AND SIMS, a Professional Corporation; BRIAN N. WINN; RALPH L. SIMS; and DOES 1 through 25, inclusive,<br><br>　　　　　　　　　Defendants. | Case No.: 06-cv-00599-H-AJB<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S PETITION TO RE-OPEN THE CASE; AND**<br><br>[Doc. No. 13.]<br><br>**(2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SUPPLEMENTAL MOTION TO SEAL**<br><br>[Doc. No. 16.] |

　　　On June 21, 2021, the Court issued an order granting in part and denying in part Plaintiff John Doe's ("Plaintiff") motion to seal. (Doc. No. 12.) On June 25, 2021, the Court ordered the Clerk to file on the docket a petition to re-open the case and a supplemental motion to seal the case filed by Plaintiff. (Doc. Nos. 13, 16.) Plaintiff's

---

[1]　　The Court replaces Plaintiff's name in the caption with John Doe.

1

supplemental motion to seal sets forth additional facts in support of his request for the Court to either seal the entire case or, in the alternative, redact his personal information from the record. (Doc. No. 16 at 2.)

After reviewing Plaintiff's filings, Court denies Plaintiff's supplemental request to seal the entire record. To seal a judicial record, a movant must present "compelling reasons" that outweigh the public's interest in access to the record. Oliner v. Kontrabecki, 745 F.3d 1024, 1025-26 (9th Cir. 2014). In addition, "[a]ny order sealing documents should be 'narrowly tailored'" to serve those compelling reasons. Ervine v. Warden, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016) (citing Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 513 (1984)); see also Perez-Guerrero v. U.S. Atty. Gen., 717 F.3d 1224, 1235 (11th Cir. 2013) ("[T]he decision to seal the entire record of the case . . . must be 'necessitated by a compelling governmental interest [ ] and [be] narrowly tailored to that interest.'" (second and third brackets in original) (citation omitted)). Here, sealing the entire record would be overbroad and undermine the "strong presumption" favoring the public's interest in this case, a class action against a debt collection service. See Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096 (9th Cir. 2016); Oliner, 745 F.3d at 1025-26.

That being said, sufficient cause supports Plaintiff's supplemental request to redact his name from the docket and allow him to proceed under the pseudonym "John Doe." The Ninth Circuit allows parties to proceed anonymously when the party's "need for anonymity" to avoid physical injury outweighs the "prejudice to the opposing party and the public's interest in knowing the party's identity." Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067-68 (9th Cir. 2000). That is the case here. (See Doc. No. 16, Exs. A-C.) Additionally, redacting Plaintiff's name from the record would not prejudice any party because Plaintiff voluntarily dismissed the action over fifteen years ago. (Doc. No. 6.) Further, the public's interest in this case primarily centers around the underlying nature of the action, a class action against a debt collection service, not Plaintiff's identity. As a result, the Court grants Plaintiff's supplemental request to redact

his name from the record.

For the foregoing reasons, the Court grants Plaintiff's petition to re-open the case. The Court then grants in part and denies in part Plaintiff's supplemental motion to seal. Consistent with this Order, the Court directs the Clerk to replace Plaintiff's name with "John Doe" on the docket and in all publicly and electronically available documents so as to conceal his true name. Thereafter, the Court directs the Clerk to re-close the case.

**IT IS SO ORDERED.**

DATED: June 28, 2021

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT